**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Paul Stewart Reif, | ) | No. CV-11-1917-PHX-GMS |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) ) | |

Pending before the Court is Defendant's Unopposed Motion for Remand for Further Proceedings (Doc. 19). For the reasons stated below, Defendant's motion is granted.

On March 4, 2010, Administrative Law Judge John Wojciechowski determined that Plaintiff Paul Reif was not entitled to disability insurance benefits under Title II of the Social Security Act. (Doc. 1). Plaintiff appealed the ALJ decision to the Social Security Administration Appeals Council. (*See* Doc. 1 at 2). On August 3, 2011, the Appeals Council denied Plaintiff's request for review of the ALJ decision and adopted the decision as the final decision of Defendant Michael J. Astrue, the Commissioner of the Social Security Administration. (*See id.*). On September 29, 2011, Plaintiff filed his Complaint in the instant action, seeking review of Defendant's decision. (Doc. 1).

On April 6, 2012, Defendant filed a motion to remand this action for further administrative proceedings. (Doc. 19). Defendant has labeled his motion "Defendant's

1  *Unopposed* Motion for Remand for Further Proceedings" and states that he "obtained e-mail
2  consent to this motion on April 6, 2012" from Plaintiff's counsel. (Doc. 19 at 1–2) (emphasis
3  added). The motion states that the Appeals Council "has further reviewed Plaintiff's case and
4  determined that a remand for further proceedings is appropriate." (Doc. 19 at 1). The motion
5  also states that should the Court remand this action, the Appeals Council will vacate the
6  ALJ's decision and remand the matter to the ALJ for a *de novo* hearing and new decision,
7  directing the ALJ to reevaluate his decision in light of the new evidence submitted at the
8  Appeals Council level. (*Id.* at 2).

9  Sentence four of 42 U.S.C. § 405(g) provides that the Court may reverse decisions of
10 the Commissioner and at the same time "remand[ ] the cause for a rehearing." Given that
11 Plaintiff's counsel has consented to Defendant's motion, the Court grants the motion. A
12 "sentence-four" remand is treated as a final judgment, and therefore upon remand the Court
13 must, as requested by Defendant, enter judgment against him. *See Shalala v. Schaefer*, 509
14 U.S. 292, 302–303 (1993) (holding that a sentence-four remand is a "final judgment" and that
15 therefore "a 'separate document' of judgment should [be] entered" upon such remand).

16 **IT IS THEREFORE ORDERED** that Defendant's Unopposed Motion for Remand
17 for Further Proceedings (Doc. 19) is **GRANTED**.

18 **IT IS FURTHER ORDERED reversing** the Commissioner's decision and
19 **remanding** the decision to the Commissioner for further administrative proceedings as set
20 out above.

21 DATED this 16th day of April, 2012.

G. Murray Snow
United States District Judge